## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **MANUEL ORTEGA GARCIA, a/k/a MANUEL ORTEGA, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,** | **Case No. 16-cv-11261** |
| **Plaintiff,** | |
| **v.** | |
| **NATIONAL RESTORATIONS, INC., an Illinois corporation, DESIGN INSTALLATION SYSTEMS, INC., an Illinois corporation, and MICHAEL A. TRACY, an individual,** | |
| **Defendants.** | |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Manuel Ortega Garcia ("Plaintiff" or "Ortega"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, National Restorations, Inc. ("National Restorations"), Design Installation Systems, Inc. ("DIS"), and Michael A. Tracy ("Tracy") as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"). Defendants violated federal and state overtime laws by failing to pay Plaintiff, and other similarly situated laborers, an overtime premium when they worked more than 40 hours in individual workweeks.

2.      Plaintiff's FLSA claim is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party is attached as Exhibit A.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5.      Plaintiff Ortega is a former employee of the Defendants. Plaintiff was employed by Defendants as a laborer from approximately 2012 through October 2016.

6.      Plaintiff performed landscaping, grounds keeping, painting, and commercial cleaning services for the Defendants. Plaintiff's duties included cutting grass, washing windows, painting, and cleaning offices.

7.      During the course of his employment, Plaintiff, and other similarly situated Laborers, used and handled goods and materials, including lawnmowers, shovels, auger machines, other landscaping tools, gasoline, cleaning agents, soaps, or paint, that previously moved in interstate commerce before being used or purchased in Illinois.

8.      Defendants National Restorations, Inc. and Design Installation Systems, Inc. are Illinois corporations and are principally located at 8110 River Drive in Morton Grove, Illinois.

9.      Defendant National Restorations, Inc. is a contractor engaged in masonry restoration, repair, and landscaping and snow removal.

10.    Upon information and belief, Defendant National Restorations earned more than $500,000 in gross annual revenue or sales during 2013, 2014, 2015, and 2016.

11.    Upon information and belief, Defendant Tracy is an owner of Defendant National Restorations. Tracy is the corporate secretary and registered agent for Defendant National Restorations.

12.    Defendant DIS is a contractor engaged in exterior cleaning, masonry repair, building cleaning, and general contracting.

13.    Upon information and belief, Defendant DIS earned more than $500,000 in gross annual revenue or sales during 2013, 2014, 2015, and 2016.

14.    Upon information and belief, Defendant Tracy is an owner of Defendant DIS. Tracy is the president, corporate secretary, and registered agent of the company.

15.    Defendant Tracy possessed ultimate control over the corporate Defendants' day-to-day operations and had the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

16.    Defendant Tracy resides and is domiciled within this judicial district.

**COMMON ALLEGATIONS**

17.    During the last three years before the filing of this suit, Defendants directed Plaintiff to work, and Plaintiff did work, more than 40 hours in individual workweeks.

18.    Plaintiff regularly worked more than 50 hours – and as many as 70 hours – in individual workweeks during the last three years before the fling of this suit.

19.    Defendants paid Plaintiff on an hourly basis.

20.     During the last three years before the filing of this suit, Plaintiff's regular hourly rates of pay were $14.00, $15.00, and $16.00.

21.     Defendants paid Plaintiff based on a weekly pay period.

22.     When Plaintiff worked more than 40 hours per week, Defendants' checks reflected 40.00 hours of work paid at his straight-time hourly rate of pay (e.g. $14.00, $15.00, or $16.00). These payments were reflected as "Gross" wages on Plaintiff's checks. (True and correct

23.     In order to conceal their failure to pay overtime compensation, Defendants then paid Plaintiff's compensable overtime hours in the same check by paying him a "bonus". Plaintiff's "bonus" was calculated by multiplying his overtime hours worked by his straight-time hourly rate of pay. These payments were reflected as "Bonus2" payments on Plaintiff's checks.

24.     In order to determine the number of compensable overtime hours worked by Plaintiff, the "Bonus2" payments on Plaintiff's checks must be divided by Plaintiff's straight-time rate of pay.

25.     By way of illustration, Plaintiff has provided sample checks from weekly pay periods he worked during the last three years before the filing of this suit. (Copies of Plaintiff's sample checks are attached as Exhibit ("Exh. B"). See Exh. B.) Plaintiff's attached checks are bona fide copies of checks issued to Plaintiff by Defendants for hours worked during weekly pay periods ending on July 29, 2014, October 20, 2015, and April 26, 2016. (See id.)

26.     Plaintiff's sample checks from these weekly pay periods show "Bonus2" payments of $378.00, $480.00, and $576.00. (See id.) Plaintiff's overtime hours worked during these periods are calculated by diving Plaintiff's "bonus" payments by his straight-time rate of

pay. Plaintiff's overtime hours worked during these pay periods total 27 ($378.00/$14.00), 30 ($480.00/$16.00), and 36 ($576.00/$16.00), respectively. (See id.)

27. Through their unlawful payment scheme, Defendants never paid Plaintiff an overtime premium and paid Plaintiff at his straight-time hourly rates of pay for all hours worked.

28. Defendants therefore did not compensate Plaintiff at one and one-half times his regular hourly rates of pay for any hours worked in excess of 40 in individual work weeks.

**COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated laborers that worked for Defendants during the last three years before the filing of this suit.

30. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former laborers, have had substantially similar job descriptions, job requirements, and pay rates.

31. Plaintiff, and the other similarly situated employees, were subject to Defendants' common policies and plans to violate the FLSA by willfully refusing to pay overtime compensation to laborers and depriving the employees of their earned wages. In furtherance of their common policy and plan, Defendants intentionally attempted to conceal their failure to pay overtime by paying employees a "bonus" for their overtime hours. However, Defendants' "bonus" payments for overtime hours were illegally paid at the employees' straight-time rates of pay.

32. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

5

33.     Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

34.     There are numerous similarly situated laborers who worked for Defendants and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

35.     The similarly situated current and former laborers are known to the Defendants and are identifiable in Defendants' payroll records.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**
**(Collective Action)**

36.     Plaintiff hereby incorporates paragraphs 1 through 35 as though stated herein.

37.     Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

38.     During the course of Plaintiff's employment, Defendants employed laborer employees who were similarly not exempt from the overtime wage provisions of the FLSA.

39.     During all relevant times, Defendants have each been an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

40.     Defendants National Restorations and DIS are each an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and have each operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).  Defendants further constitute a single enterprise under the FLSA based on their common ownership and location, shared business purposes, and joint employment of Plaintiff and other employees.

41.     Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt laborers worked more 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

42.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

43.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants intentionally sought to conceal their failure to pay overtime wages under the Act by devising a fraudulent "bonus" payment scheme. Upon information and belief, Defendants' corporate check payments to Plaintiff and other employees were not reported to federal and state tax and revenue departments. Defendants further violated the Act's notice and posting requirements.

**WHEREFORE**, the Plaintiff, Manuel Ortega Garcia, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, National Restorations, Inc., Design Installation Systems, Inc., and Michael A. Tracy, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual workweeks;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

<u>**COUNT II**</u>
<u>**Violation of the Illinois Minimum Wage Law – Overtime Wages**</u>

44.     Plaintiff hereby incorporates paragraphs 1 through 35 as though stated herein.

7

45.     Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d), and was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

46.     During the course of Plaintiff's employment, Defendants employed laborers who were similarly not exempt from the overtime wage provisions of the IMWL.

47.     At all times relevant, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

48.     Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt laborers worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

49.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Manuel Ortega Garcia, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, National Restorations, Inc., Design Installation Systems, Inc., and Michael A. Tracy, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relied as this Court deems appropriate and just.

Dated: December 12, 2016                    Respectfully submitted,
Manuel Ortega Garcia, on behalf of himself
and all other Plaintiffs similarly situated,
known and unknown, Plaintiff


/s/ Nicholas P. Cholis
_____
One of the Plaintiff's Attorneys

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel: (312) 322-1100
Fax: (312) 322-1106
tnolan@nolanwagelaw.com
ncholis@nolanwagelaw.com